cycle. *See United States v. Garcia–Guizar*, 234 F.3d 483, 491 (9th Cir.2000).

**AFFIRMED.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin Madrigal CAZARES,**
**Defendant–Appellant.**

No. 01–50473.

D.C. No. CR–00–00972–CBM.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 28, 2002.

Before CANBY, BEEZER, and PAEZ,
Circuit Judges.

MEMORANDUM **

Martin Madrigal–Cazares appeals his conviction and 77 month sentence for a violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Madrigal–Cazares contends that his conviction must be reversed because the dis-

trict court erroneously advised him of the "nature of the charge" to which he was pleading guilty. Madrigal–Cazares specifically contends that the district court erred because it informed him of the nature of the crime of illegal re-entry, rather than the crime of being found in the United States without permission. Until the Supreme Court's recent decision in *United States v. Vonn*, —— U.S. ——, ——, 122 S.Ct. 1043, 1046, —— L.Ed.2d —— (2002), we reviewed de novo whether a district court's plea colloquy with a defendant satisfied Fed.R.Crim.P. 11. However, under *Vonn*, a defendant who fails to object to a Rule 11 violation in the district court must show plain error. *Vonn*, —— U.S. ——, at ——, 122 S.Ct. at 1046, —— L.Ed.2d ——, at ——. Here, we find that under either standard no Rule 11 violation occurred.

The record shows that during the plea colloquy, the district court specifically informed Madrigal–Cazares that the charge against him was being *found in* the United States, without permission, after having been deported. The record further shows that when the government made its factual proffer, it established that at trial it would have proven that the defendant had indeed been *found in* the United States. Because the district court's colloquy was sufficient to provide Madrigal–Cazares with an understanding of the law in relation to the facts, we conclude that Fed. Rule Crim. P. 11(c)(1) was not violated. *See United States v. Rivera–Ramirez*, 715 F.2d 453, 457 (9th Cir.1983).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly appellant's motion for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.